[No. 21407. Department One. September 28, 1929.]

M. Stevens, *Respondent,* v. Grays Harbor Railway & Light Company, *Appellant.*[1]

*Theodore B. Bruener,* for appellant.

*Phillips & Adams* and *F. L. Morgan,* for respondent.

Fullerton, J.—This is an action brought by the respondent, M. Stevens, against the appellant, Grays Harbor Railway & Light Co., to recover for personal injuries received, as the respondent alleges, from the negligent operation by the appellant of one of its street cars. The jury returned a verdict in favor of the respondent, and from a judgment entered on the verdict, the appeal before us is prosecuted.

A street called G street, in the city of Aberdeen, extends approximately north and south. It is crossed at right angles by a street called Heron street. G street is thirty-six feet wide between the sidewalks, and Heron street is fifty feet wide. The appellant maintains and operates a street railway system in the city of Aberdeen. On Heron street, its railway tracks are doubled, the two tracks being approximately seven

[1]Reported in 280 Pac. 928.

feet apart. West-bound street cars pass over the northerly track and east-bound over the southerly. The city has marked the margins of the street intersection with parallel lines, between which pedestrians crossing one of the streets are required to walk.

Just prior to the accident, the respondent was standing on the sidewalk on the southwest corner of the intersection. From there he started to walk across the street towards the north, traveling between the parallel lines mentioned. At that time, there was a street car standing on the east margin of the intersection, where it had stopped to receive and discharge passengers. Another street car was approaching from the west some little distance away. There was no other traffic on Heron street at the time. While crossing the street, the respondent was struck by the west-bound car, which started to move at about the time, or possibly a little later than the time, the respondent started to cross the street. The respondent fell on the pavement, after being struck, northerly of the street car tracks.

The evidence is conflicting as to the position of the respondent at the time the street car struck him. The respondent testified that he at no time saw the street car which struck him, and in fact did not know what it was that struck him; that, while crossing the street, he "got between the two tracks," when a jitney bus came south on G street and turned west on Heron street; that he stopped to let the jitney pass, stepping back two or three feet, and was struck while in that position. In his cross-examination, his attention was called to his statement in his direct testimony as to his position when struck, and he emphasized his former statement by saying, "I was standing right in between the two tracks—the two double tracks." One of his witnesses also places his position at the time he was struck as being "between the tracks somewhere." An-

other of his witnesses says that he was between the rails of the northerly street car track when struck—"he might have been right at the north rail of the track"—but, as he testified on cross-examination that he was not looking at the respondent at the time he was struck and did not see the accident, it is evident that he reached his conclusion as to the respondent's position from some circumstance other than actual observation. This witness disagrees with all of the others as to the position the respondent was in after he fell on the pavement. He says he was lying within the parallel lines of the street crossing, while all the other witnesses testify that he was lying west of the lines.

The appellant's witnesses, on the other hand, testified that the respondent was north of the tracks when struck. The motorman driving the car that struck him testified that he did not see the respondent at any time prior to the accident; that, when he started his car to cross the street, the track was clear; that, as the front of his car crossed the parallel lines, he felt something bump the car behind him, and was told by a passenger that someone had been struck; that he stopped the car, got out of it just behind the passenger and found the respondent lying in the street. The passenger corroborates the motorman as to the position of the respondent at the time he was struck. The substance of his testimony is that the respondent backed into the side of the car in an attempt to get out of the way of an oncoming automobile.

The appellant, at appropriate times during the course of the trial, challenged the sufficiency of the evidence to support a verdict against it, and after the return of the verdict, moved for a judgment in its favor notwithstanding the verdict, and assigns error on the refusal of the court to sustain some one of its challenges. It is our conclusion that the assignments

are well taken. Before the jury were warranted in finding against the appellant, it was necessary to find it guilty of negligence that constituted the proximate cause of the injury. This it could only do from positive evidence, or from inference necessarily arising out of positive evidence. They were not permitted to speculate as to the position of the respondent at the time of his injury. They could not assume that the respondent misspoke himself, and meant to say that he was between the rails of the northerly tracks when struck instead of between the two tracks, as this is not a necessary inference arising out of the evidence. It is just as probable, and indeed, it would seem, when other circumstances shown by the evidence are taken into consideration, more probable, that he had passed over both tracks and stepped back into the course of the street car when the approaching automobile he mentioned passed immediately in his front. This version of the transaction is, moreover, supported by positive testimony, while his own is not. To permit the verdict of the jury to stand is to permit it to stand upon conjecture, whereas the rule is that it must be founded upon substantial evidence.

The judgment is reversed and the cause remanded with instructions to dismiss the action.

TOLMAN, BEALS, MAIN, and HOLCOMB, JJ., concur.